IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SEKERA SASHORNA GOGO, et al., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-23-02776 |
| SECRETARY ANTONY J. BLINKEN, et al., | * | |
| | * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Merrick B. Garland, Richard C. Visek, Erek L. Barron, Antony J. Blinken, N. Nick Perry, Julie M. Stufft, and Amy Tachco's (collectively, "the Government") Motion to Dismiss (ECF No. 14). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motion to Dismiss.

### I. BACKGROUND

**A. Factual Background**[1]

Plaintiffs Sekera and Kingsley Gogo are Jamaican nationals involved in a long-standing dispute with the Government regarding its refusal to grant Kingsley Gogo a visa

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

to enter the United States. (Compl. at 10–14, ECF No.1).[2] Sekera Gogo, Kingsley Gogo's wife, has been residing in the United States since 2015. (Id. at 10). Sekera Gogo filed an I-130 petition on behalf of Kingsley Gogo on December 6, 2018. (Id.). Kingsley Gogo received the approval notice for the I-130 petition on April 17, 2019, and then submitted an Online Immigrant Visa and Alien Registration Application on June 1, 2020. (Id.).

Kingsley Gogo appeared for an initial immigrant visa interview with a United States consular officer on November 18, 2020. (Id.). After the interview, he received a notice from the United States Embassy in Kingston, Jamaica (the "Embassy") that his immigrant visa was refused under Immigration and Nationality Act ("INA") § 221(g) [8 U.S.C. § 1201(g)]. (Id. at 11). The Embassy instructed him to submit an income tax return receipt. (Id.). The Embassy additionally refused his visa on February 3, 2021. (Id.). This time, the Embassy instructed that he submit various court documents and tax records. (Id.). After requests for more information about the status of his visa from counsel, the consular officer notified Kingsley Gogo on September 28, 2022 that he was ineligible for a visa under INA § 212(a)(2)(C)(i) [8 U.S.C. § 1182(a)(2)(C)(i)]. (Id. at 13).

Sekera and Kingsley Gogo allege the Government's refusal of Kingsley Gogo's visa is improper and a result of "misconception and mere confusion" involving mistaken identity. (Id.). The Gogos allege that they have experienced hardship because of this prolonged process, including that Sekera Gogo had to solely provide for their family in the

---

[2] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system. The Court cites to page numbers in the Complaint because the paragraph numbers repeat.

United States in her husband's absence. (Id. at 13–14). Over the years, the Gogos have retained several lawyers, filed several Freedom of Information Act requests to various government agencies, and contacted a local congressional representative's office to investigate Kingsley Gogo's visa issues. (See id. at 11–13). They seek declaratory and injunctive relief and request that this Court compel the Government to remove the embargo imposed on Kingsley Gogo and order the Government to adjudicate his visa application. (Id. at 15).

**B.       Procedural History**

On October 13, 2023, Kingsley and Sekera Gogo filed a Complaint, in which they claim the United States has improperly withheld action on Kingsley Gogo's visa application for an unreasonable period of time in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 702. (Compl. at 3–7, ECF No. 1). The Government filed the instant Motion to Dismiss on February 9, 2024. (ECF No. 14). Kingsley and Sekera Gogo filed an Opposition on February 23, 2024 (ECF No. 15), and the Government filed a Reply on March 27, 2024, (ECF No. 18).

## II.       DISCUSSION

**A.       Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is

3

entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

B.  **Analysis**

The Government argues that Kingsley and Sekera Gogo's case should be dismissed because they have failed to state a claim upon which relief can be granted under the doctrine

of consular nonreviewability. (Def's Mem. Supp. Mot. Dismiss ["Mot."] at 6, ECF No. 14-1). The Court agrees.

It is well settled that the power to decide who is allowed into the United States belongs almost exclusively to either Congress or the Executive. Trump v. Hawaii, 585 U.S. 667, 702 (2018). That is because these decisions often "involve hard policy choices" that the Constitution entrusts to the political branches. Colindres v. U.S. Dep't of State, 71 F.4th 1018, 1021 (D.C. Cir. 2023). Accordingly, "courts have determined that decisions regarding immigration are largely immune from judicial control." Awah v. Holder, No. RWT-09-1732, 2010 WL 2572848, at *3 (D.Md. June 23, 2010) (internal quotations omitted). True to this principle, "the doctrine of consular nonreviewability prohibits judicial review of a consular officer's decision to grant or deny a visa to foreign nationals." Sesay v. United States, No. DKC-18-1397, 2019 WL 670244, at *2 (D.Md. Feb. 19, 2019), aff'd, 984 F.3d 312 (4th Cir. 2021).

But the doctrine of consular nonreviewability is not without exception. If a consular officer's denial of the visa burden's a citizen's constitutional rights, then the denial would be "valid when it is made 'on the basis of a facially legitimate and bona fide reason.'" Kerry v. Din, 576 U.S. 86, 104 (2015) (Kennedy, J., concurring) (quoting Kleindienst v. Mandel, 408 U.S. 753, 770 (1972)). Once Mandel's limited standard is satisfied, "courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against the constitutional interests of citizens the visa denial might implicate." (Id.) (internal quotations omitted).

1.     **Finality of Decision**

As an initial matter, Kingsley and Sekera Gogo argue that the doctrine of consular nonreviewability does not apply because the government's decision here was not "final." (Compl. at 5). They assert that "[t]he doctrine of consular non-reviewability does not bar [judicial review] where the government has not made a final visa decision and is inapplicable in such circumstances." (Id.). In this case, they contend that Kingsley Gogo has not received a final determination because "[a] 221(g) refusal decision is not final, but rather interim in nature, which is not sufficiently final." (Id.).

In its Motion to Dismiss, however, the Government correctly identifies that on September 22, 2022, the Embassy wrote a letter to Kingsley Gogo informing him that it had found him "ineligible for visa consideration" under INA § 212(a)(2)(C)(i). (Mot. at 10). In the letter, the Immigrant Visa Unit cited INA § 212(a)(2)(C)(i) and further explained that "[n]o waiver is available" for this ground of ineligibility. (See Sept. 22, 2018 Refusal Letter at 77, ECF No. 1-1). Kingsley and Sekera Gogo attached this letter as an Exhibit to their Complaint.[3] They also attached an email from their counsel to the Embassy dated May 2, 2022, which demanded that the Embassy fulfill "its obligation to either issue a hard denial based on a specific ineligibility ground (i.e. Section 212(a)(2)(C)(i)) or issue the requested visa, in the absence of documentary proof to support such a finding."

---

[3] While a court may not ordinarily consider extrinsic evidence when resolving a Rule 12(b)(6) motion, see Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011), this general rule is subject to several exceptions. For example, a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c). Here, the exhibits are attached to the Complaint. Accordingly, the Court will consider these documents.

(Complaint Attachments at 74, ECF No. 1-1). Just four months later, the Embassy appears to have done exactly that, providing Kingsley Gogo with a "hard denial based on a specific ineligibility ground (i.e. Section 212(a)(2)(C)(i))." (Id.).

In response to the Government's identification of the ineligibility provision, the Gogos maintain that "the adjudication was not a final decision but rather a 221(g) refusal where the visa application was held for administrative processing." (Pls.' Resp. Opp'n Mot. Dismiss ["Opp'n"] at 9, ECF No. 15). They argue that the consular nonreviewability doctrine does not apply because "[c]onsular determinations that do not relate to the actual grant or denial of a visa have been deemed to be subject to judicial review." (Id. at 11). But this case deals with the actual denial of a visa. (See Complaint Attachments at 77). Further, the authority the Gogos cite to support the assertion that decisions unrelated to the grant or denial of a visa are not subject to the consular nonreviewability doctrine are plainly distinguishable from the facts here. The Gogos cite to Amidi v. Chertoff, where the consular officer cancelled the plaintiff's brother's visa application for failing to appear for an interview. No. 07CV710 (AJB), 2008 WL 2662599, at *4 (S.D.Cal. Mar. 17, 2008). In that case, however, there was no finding of ineligibility at all, much less a finding of ineligibility due to a crime.

The Gogos cite no authority to support their contention that a consular officer's decision to refuse a visa under INA § 212(a)(2)(C)(i) is not sufficiently final.[4] Indeed, the

---

[4] The Court also rejects the Gogos attempted use of the Mandamus Act and Declaratory Judgment Act. (Compl. at 8–9). Neither provides an exception to the consular nonreviewability doctrine. Thatikonda v. U.S. Dep't of Homeland Sec., No. 1:21-CV-1564-RCL, 2022 WL 425013, at *6 (D.D.C. Feb. 11, 2022).

authority they rely upon supports the opposite conclusion. See Allen v. Milas, No. 1:15-CV-00705-MCE-SAB, 2016 WL 704353, at *3 (E.D.Cal. Feb. 23, 2016) (finding consular nonreviewability doctrine applies where consular officer found plaintiff "ineligible to receive a visa" under INA §212(a)(2)(A)(i)(I)), aff'd, 896 F.3d 1094 (9th Cir. 2018). The Court finds the doctrine of consular nonreviewability applies here.

### 2. Constitutional Interest

Although judicial review of a consular officer's determination is narrow and highly restrained, "where an American plaintiff alleges a burden to a viable constitutional right, through a visa denial to a non-citizen, a facially legitimate and bonafide inquiry may be appropriate." Sesay, 2019 WL 670244 at *3. The Gogos contend that Sekera Gogo "possesses a liberty interest in a non-citizen spouse's visa application." (Opp'n at 21). The Government recognizes this narrow exception but asserts it is not applicable here because no constitutional right was burdened. (Defs' Reply Supp. Mot. Dismiss ["Reply"] at 2–3, ECF No. 18).

The Court finds that Sekera Gogo does not have a constitutional interest here. In Kerry v. Din, the Supreme Court considered whether a procedural due process right applied to spousal separation and failed to reach a consensus. See 576 U.S. at 101. Recently, the Supreme Court "resolve[d] the open question" and held "that a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." Dep't of State v. Munoz, No. 23-334, 2024 WL 3074425, at *6 (U.S. June 21, 2024). Even if Sekera Gogo had a constitutional interest in her husband's visa application, the reasons given by the Government for their denial of Kingsley Gogo's visa satisfy Mandel's

"facially legitimate and bonafide" standard, as discussed below. Sesay, 2019 WL 670244, at *3.

### 3. Facially Legitimate And Bona Fide Reason for Visa Refusal

The Government argues that Kingsley and Sekera Gogo's facial attack on the consular officer's refusal fails because the consular officer provided a legitimate and bona fide reason for finding Kingsley Gogo ineligible for visa consideration under INA § 212(a)(2)(C)(i). (Mot. at 9–10). Kingsley and Sekera Gogo argue that the Government's decision to deny Kingsley Gogo a visa application was erroneous because it "completely ignor[ed] the fact that such adjudication was made on erroneous records and wrong identification of the Co-Plaintiff." (Opp'n at 5). The Court agrees with the Government.

The doctrine of consular nonreviewability provides that the consular officer's decision is valid if its rests on a legitimate and bona fide reason. Sesay, 984 F.3d at 316. As the Fourth Circuit explained, "absent some clear directive from Congress or an affirmative showing of bad faith, the government must simply provide a valid ineligibility provision as the basis for the visa denial." Id.[5]

The Government's basis for refusing Kingsley Gogo's visa satisfies Mandel. As in Sesay v. United States, here, "the government met [its] obligation by providing [8 U.S.C. § 1182(a)(2)(C)(i)] . . . as the statutory bases for denial of [Kingsley Gogo's] visa application." Id. Furthermore, "not only did the consular officer provide the applicable

---

[5] The Gogos have not alleged bad faith, nor have they identified any clear directive from Congress in this instance.

statutory provision[] as the bas[is] for [Mr. Gogo's] visa denial, but the officer went further than necessary by explaining [his] decisionmaking . . . " Id. In this instance, the Embassy explained it had reason to believe that Kingsley Gogo was "involved in drug smuggling activities." (See Complaint Attachments at 36).[6]

This Court cannot weigh "the evidence presented," to evaluate the wisdom of the consular officer's decision, as the Gogos urge. (Compl. at 7). The Gogos insist that the consular officer refused Kingsley Gogo's visa because he confused him for someone else, and that the refusal was a result of "misconception and mere confusion." (See id. at 3, 7, 12, 13). But "even where a consular judgment rests on allegedly erroneous information, courts generally will not intervene." Romero v. Consulate of U.S., Barranquilla, Colom., 860 F.Supp. 319, 322 (E.D.Va. 1994). Further, "[p]robing the consular officer's decision would require reviewing the credibility of the applicant's testimony, the authenticity of the documentation, and balancing the reason for the denial against any constitutional interest allegedly burdened. That we cannot do because the cited provisions are facially legitimate." Sesay, 984 F.3d at 316 (citation omitted). The Court finds the Government has provided a facially legitimate and bona fide reason for the refusal, satisfying Mandel, and therefore declines to conduct any further review.

---

[6] While a court may not ordinarily consider extrinsic evidence when resolving a Rule 12(b)(6) motion, see Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011), this general rule is subject to several exceptions. For example, a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c). Here, the exhibits are attached to the Complaint. Accordingly, the Court will consider these documents.

### III.     CONCLUSION

For the foregoing reasons, the Court will grant the Motion to Dismiss (ECF No. 14). A separate Order follows.

Entered this 1st day of July, 2024.

/s/
George L. Russell, III
United States District Judge